IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEREK C. WOO, TERESA WOO,   )
            ) 2:13-cv-00697-GEB-DAD
    Plaintiffs,   )
            )
  v.         ) ORDER DENYING MOTIONS FOR
            ) TEMPORARY RESTRAINING ORDER
FLAGSTAR BANK, FSB; DOES 1  ) AND ORDER TO SHOW CAUSE RE:
through 100, inclusive,   ) PRELIMINARY INJUNCTION
            )
    Defendants.   )
_____)

    Yesterday, on April 9, 2013, Plaintiffs filed motions for an order temporarily "restraining Defendant . . . from proceeding with [the] foreclosure and Trustee's sale" of their home and "show[ing] cause why a preliminary injunction should not be granted." (Mot. 14:6—8.) Plaintiffs assert that the Trustee's sale of their home is "imminent" since it is scheduled to occur on April 12, 2013, two days from today. (Mot. 6:23.) Although Plaintiffs are correct that the recorded Notice of Sale lists the sale date for their home as April 12, 2013, (Compl. Ex. C), the notice also states that the sale "may be postponed," and "the rescheduled time and date for the sale," if any, will be available from the Priority Posting & Publishing's website. Priority Posting & Publishing's website, in turn, lists the date for the rescheduled trustee's sale as May 6, 2013, nearly a month away.[1]

---

[1] Judicial notice is taken of the Priority Posting & Publishing website postponing the trustee's sale: http://www.priorityposting.com/ppp/viewauctions.asp (TS Number 805D-063032). See Puruganan v. HSBC USA,
(continued...)

1

A temporary restraining order is a provisional remedy intended to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a [preliminary injunction] hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974); Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). "As such, an applicant for a [temporary restraining order] is required to demonstrate [that the applicant will endure] 'immediate and irreparable injury, loss or damage'" prior to the preliminary injunction hearing. Garrett v. City of Escondido, 465 F. Supp. 2d 1043, 1048-49 (S.D. Cal. 2006) (quoting Fed. R. Civ. P. 65(b)) (recognizing that the purpose of a TRO "is to preserve the *stauts quo* before a preliminary injunction hearing may be held"). Since the trustee sale that Plaintiffs seek to temporarily restrain is nearly a month away, Plaintiffs have not "show[n] that a TRO [hearing] is necessary before [a] motion for preliminary injunction is [duly scheduled and] heard." Baldwin v. Sebelius, No. 10CV1033 DMS (WMC), 2010 WL 2384588, at *2 (S.D. Cal. June 10, 2010); accord Solomon v. Aurora Loan Servs. LLC, No. CV 2:12-209 WBS KJN, 2012 WL 4050099, at *2 (E.D. Cal. Sept. 13, 2012) (denying TRO since plaintiff has "not shown that she will face immediate [injury], particularly if the court denies her request for an *ex parte* temporary restraining order and addresses her request at a preliminary injunction hearing after defendant has been given notice and an opportunity to respond"). Since Plaintiffs have not shown the need for consideration of their motion for a temporary

---

[1](...continued)
Nat'l Ass'n, No. C 12-05168 SBA, 2012 WL 5503542, at *1 n.1 (N.D. Cal. Nov. 13, 2012) ("tak[ing] judicial notice of . . . website, which indicates that the trustee's sale of the Property has been 'cancelled'").

2


restraining order, the motion is denied. Further, Plaintiffs have not demonstrated that they are incapable of duly noticing for hearing a preliminary injunction as required by the rules of this Court. Therefore, Plaintiffs' motion for an order to show cause requiring the undersigned judge to determine when a preliminary injunction should be briefed and heard is likewise denied.

Dated:  April 10, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge